# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WOODROW DAVID WILSON,

                 Plaintiff,               :       Case No. 3:05-cv-325


      -vs-                                     Chief Magistrate Judge Michael R. Merz

                                  :

JULIE DUBEL,

                 Defendant.

---

## DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

---

This case is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 16).

As Plaintiff knows from the research he has done, summary judgment is governed by Fed. R. Civ. P. 56.   Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323;  *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted).

At this point, there is no evidentiary material whatsoever before the Court.  Plaintiff makes a number of factual assertions in his Motion, but they are not backed up by sworn affidavits as to the facts or certified copies of documents referred to.  Fed. R. Civ. P. 56(e) provides in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  ...  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Because Plaintiff's summary judgment motion does not comply with Fed. R. Civ. P. 56(e0, it must be denied without prejudice to its renewal in proper form.

December 17, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

H:\DOCS\Wilson v. Dubel 02.wpd