IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WOODROW DAVID WILSON,

       Plaintiff,      :      Case No. 3:05-cv-325

    -vs-      Chief Magistrate Judge Michael R. Merz
      :

JULIE DUBEL,

       Defendant.

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON RECONSIDERATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This case is before the Court on Plaintiff's Motion for Reconsideration of Summary Judgment (Doc. No. 21), which Defendant has opposed (Doc. No. 27), Defendant's Motion to Strike Portions of Plaintiff's Affidavit (Doc. No. 25), and Defendant's Motion for Summary Judgment (Doc. No. 26). Despite notice from the Court to do so (Doc. No. 30), Plaintiff has not opposed either the Motion to Strike or the Defendant's Motion for Summary Judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine

issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* issue of *material* fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

   Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law.  Fed. R. Civ. P. 50).  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate.  *Id*.  The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986).  Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th

Cir. 1996).  "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323;  *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted).  If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v.*

*Commercial Union Ins. Co.,* 260 F.3f 574, 581 (6th Cir. 2001).  "Materiality is determined by the substantive law claim." *Boyd v. Baeppler,* 215 F.3d 594, 599 (6th Cir. 2000).  An issue is genuine if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.,* 14 F.3d 1143, 1148 (6th Cir. 1994), quoting *Anderson,* 477 U.S. at 248.  Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala,* 205 F.3d 937, 943 (6th Cir. 2000).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000), *rev'd on other grounds,* 536 U.S. 639 (2002).  Thus, a factual dispute which is merely colorable or is not significantly probative will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied* 510 U.S. 976 (1993); *see also, Int'l Union United Auto., Aerospace & Agriculture Implement Workers of America v. BVR Liquidating, Inc.,* 190 F.3d 768, 772 (6th Cir. 1999), *cert. denied* 529 U.S. 1076 (2000).

The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street,* 886 F.2d at 1479.  A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson,* 477 U.S. at 252.  If, after sufficient opportunity for discovery, the non-moving party is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.,* 477 U.S. at 322-23.

The party who bears the burden of proof must present a jury question as to each element of the claim. *Davis v. McCourt,* 226 F.3d 506, 511 (6th Cir. 2000).  Failure to prove an essential element of a claim renders all other facts immaterial for summary judgment purposes. *Elvis Presley Enterprises v. Elvisly Yours, Inc.,* 936 F.2d 889, 895 (6th Cir. 1991).

The Court may grant summary judgment on the issue of causation when warranted. *Bailey v. Floyd County Bd. or Education.,* 106 F.3d 135, 145 (6th Cir, 1997). For example, reliance solely on the fact that an adverse employment decision occurred after the alleged protected conduct is insufficient. *Id.* at 144-45. "A mere scintilla of evidence is [likewise] insufficient" to create a genuine issue of material fact. *Landham v. Lewis Galoob Toys, Inc.,* 277 F.3d 619, 622 (6th Cir. 2000).

The facts set forth in this Decision are admitted or established by evidence competent under Fed. R. Civ. P. 56(e) and not controverted by opposing competent evidence.

**Analysis**

Plaintiff has not opposed the Motion to Strike. In examining the Plaintiff's Affidavit, the Court finds the Motion to Strike well taken in that it contains facts of which the Plaintiff does not have personal knowledge (that is knowledge to which he could testify from personal observation as required by Fed. R. Evid. 602), hearsay (e.g., the statements of Dr. Counterman relating to treatment on Plaintiff's hand after his extradition to Michigan), and medical and legal opinions which Plaintiff is not competent to give. The Motion to Strike is accordingly granted.

Plaintiff brought this action complaining of breach of contract and attorney malpractice by Defendant Julie Dubel. It is undisputed that Defendant is an attorney at law and was appointed by the Montgomery County Common Pleas Court in August, 2004, to represent Plaintiff in a criminal case then pending against him in that court. Shortly thereafter on September 2, 2004, Plaintiff and Defendant entered into the contingent fee agreement which is sued on here.

Under the contingent fee agreement, Plaintiff retained Defendant to represent him in a medical malpractice action against Good Samaritan Hospital. Plaintiff had sustained severe injuries

to his hand in the course of committing the offense for which he had been indicted and on which Defendant was appointed to represent him. It was and is his belief that he received negligent medical care from Good Samaritan Hospital to whose emergency room he was taken for treatment by the arresting police officers. On September 8, 2004, he was operated on by Dr. Reeder at Grandview Hospital for repair of the hand injury. Returned to custody thereafter, he believed that the Montgomery County Jail and the medical personnel who provide medical services to inmates at that facility had also committed medical malpractice and/or deprived him of his Eighth and Fourteenth Amendment rights to be free of cruel and unusual punishment. On February 26, 2005, he wrote a long letter and affidavit to Defendant, urging her to sue Montgomery County and Naphcare for these claims and also asking her to employ him as a legal researcher so that he could present that fact to the Michigan Parole Board in his upcoming parole hearing. About a month later Defendant wrote to Plaintiff to advise him that she was withdrawing from representing him in the medical malpractice matter. On June 23, 2005, she reiterated her withdrawal and advised the Plaintiff of the necessity of sending Good Samaritan a timely notice of intent to sue, which he did.

As Defendant notes, the contingent fee agreement is not an unconditional contract – it does not bind Defendant to bring suit against Good Samaritan regardless of circumstances. Instead, it allowed her to withdraw if in her view continued representation might become unethical. Because Plaintiff apparently was insisting on the filing of a second lawsuit against Montgomery County and asking to be hired as a legal researcher, Defendant concluded she could not continue in the representation. Additional circumstances also made it unlikely she could proceed. Plaintiff had been extradited to Michigan, a circumstance which was not revealed to her as likely when she signed the agreement but which obviously would make pursuing the medical malpractice claim in Ohio much more difficult. Secondly, as noted by Defendant, she could not ethically agree to pay Plaintiff's costs and expenses in pursuing the medical malpractice claim, but to do so would require

expert medical evaluation and testimony at considerable expense and Plaintiff had no source of funds from which to pay such expense.

Defendant's Affidavit also proves that she withdrew from the representation in a way which did not prejudice Plaintiff's rights to bring the medical malpractice suit. She notified him he was required to file a notice of intent to sue within one year of the alleged malpractice, which would extend the statute of limitations by six months. Plaintiff actually did send such notice in a timely manner to Good Samaritan. Why he did not thereafter pursue to the lawsuit against Good Samaritan has not been revealed to this Court.

In sum, there are no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. Defendant's Motion for Summary Judgment is granted; Plaintiff's Motion for Reconsideration is therefore moot.

The Clerk will enter judgment in favor of Defendant and against Plaintiff, dismissing the Complaint herein with prejudice.

March 23, 2006.

s/ Michael R. Merz<br>Chief United States Magistrate Judge